**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1602-15T4

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

KESAN TAYLOR,

      Defendant-Appellant.

_____

Submitted July 12, 2017 — Decided July 24, 2017

Before Judge Simonelli and Carroll.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 94-05-1811.

Kesan Taylor, appellant pro se.

Robert D. Laurino, Acting Essex County Prosecutor, attorney for respondent (LeeAnn Cunningham, Special Deputy Attorney General/ Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

    Defendant Kesan Taylor is presently serving a sentence of life imprisonment, which was imposed after he was convicted of the 1993 drive-by shooting death of Christina Mercado outside a

Bloomfield restaurant. In this pro se appeal, defendant challenges the trial court's May 21, 2015 denial of his motion to reduce his sentence. We affirm.

We briefly recount the lengthy procedural history of this case. Following a jury trial, defendant was found guilty of first-degree murder, N.J.S.A. 2C:11-3a(1) and (2); third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5b; second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4a; and third-degree receiving stolen property, N.J.S.A. 2C:20-7. On November 18, 1994, defendant was sentenced to life imprisonment with a thirty-year period of parole ineligibility.

On March 21, 1997, we affirmed the judgment of conviction in an unpublished opinion. State v. Taylor, No. A-4670-94 (App. Div. Mar. 21, 1997). Among other things, we rejected defendant's contentions that his sentence was excessive and the trial court improperly balanced the aggravating and mitigating factors. The Supreme Court denied certification. State v. Taylor, 151 N.J. 464 (1997).

Defendant filed a petition for post-conviction relief (PCR) on October 7, 1997. He asserted that trial counsel was ineffective

for failing to move for a <u>Wade</u>[1] hearing and to sever his trial from that of the co-defendants, and that his sentence was illegal. The PCR judge, who was also the trial judge, denied the petition, and we affirmed. <u>State v. Taylor</u>, No. A-6268-98 (App. Div. Nov. 3, 2000), <u>certif. denied</u>, 167 <u>N.J.</u> 632 (2001).

Defendant thereafter filed a petition for a writ of habeas corpus in the United States District Court for the District of New Jersey pursuant to 28 <u>U.S.C.</u> § 2254, asserting numerous constitutional and other violations with respect to his conviction and sentence. The District Court denied the habeas petition, <u>Taylor v. Hendricks</u>, No. 01-4283 (D.N.J. July 3, 2002), and an appeal of that denial was dismissed for lack of appellate jurisdiction. <u>Taylor v. Hendricks</u>, No. 02-3326 (3d Cir. Apr. 22, 2003).

According to defendant, in September 2013, he filed a pro se motion challenging the constitutionality of his life sentence.[2] Defendant subsequently retained counsel, who submitted a brief in support of defendant's contention that the sentencing provision

---

[1] <u>United States v. Wade</u>, 388 <u>U.S.</u> 218, 87 <u>S. Ct.</u> 1926, 18 <u>L. Ed.</u> 2d 1149 (1967).

[2] Defendant has failed to include this motion in his appendix, contrary to <u>Rule</u> 2:6-1(a)(1)(I), which requires the appendix to contain those parts of the record that are "essential to the proper consideration of the issues."

of the murder statute, <u>N.J.S.A.</u> 2C:11-3b(1), is unconstitutional because it permits widely disparate sentences that can range from thirty years without parole to life imprisonment with thirty years of parole ineligibility.  Defendant sought to reduce his life sentence to a term of thirty years without parole.  Judge Richard T. Sules denied the motion on May 21, 2015, on the basis that it was time-barred and lacked merit.  This appeal followed.

Defendant argues in a single point:

> THE LAW DIVISION ERRED ON THE FACTS AND LAW AS THEY WERE PRESENTED TO DEMONSTRATE AN ILLEGAL AND UNCONSTITUTIONAL SENTENCE, THAT ALLOWS FOR UNEQUAL TREATMENT AMONGST SIMILARLY SITUATED DEFENDANTS IN VIOLATION OF THE STATE AND FEDERAL CONSTITUTIONS.

We have considered defendant's argument in light of the record, the extensive procedural history, including prior challenges to his sentence, and Judge Sules's written decision, and conclude that it is without sufficient merit to warrant discussion in a written opinion.  <u>R.</u> 2:11-3(e)(2).  We add only the following limited comments.

In his written opinion, Judge Sules noted that "[d]efendant [] waited almost [nineteen] years after entry of his judgment of conviction to file the motion" seeking a reduction in his sentence. <u>Rule</u> 3:21-10(a) requires that a motion for reduction or change in sentence be filed "not later than [sixty] days after the date of

the judgment of conviction." While noting the exceptions contained in Rule 3:21-10(b), which are not subject to the sixty-day time limitation, the judge found that defendant's application did not fall within any of the designated exceptions. Thus, the judge properly found the motion was time-barred.

Turning to the merits, Judge Sules rejected defendant's contention that N.J.S.A. 2C:11-3b(1) allows arbitrary and capricious sentencing of similarly situated offenders and fails to provide any guidelines to determine where a convicted defendant's sentence should fall within the thirty-year to life range. The judge noted that, in all such cases, the sentencing court must assess the aggravating and mitigating factors set forth in N.J.S.A. 2C:44-1(a) and (b) in fashioning an appropriate sentence within the statutory range. Moreover, defendant had the opportunity to challenge his sentence on direct appeal and in his PCR and habeas petitions. As we have noted, the numerous courts that have reviewed defendant's sentence have found it proper, legal, and not excessive.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1602-15T4